# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7371 | **DATE** | 12/2/2010 |
| **CASE TITLE** | Macrito vs. Events Exposition Servs. Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendant Event Exposition Services, Inc.'s Motion to Dismiss [10] is denied. The Court sets the matter for status on February 23, 2011, at 10:00 a.m.

■[ For further details see text below.]                                                                                             Docketing to mail notices.

## STATEMENT

Plaintiff Jessica Macrito brings suit against her former employer Events Exposition Services, Inc. ("Events") and a manager of that corporation. Count I of Macrito's Complaint alleges violations of Title VII. Counts II - V allege various violations of state law. Events has filed a Motion to Dismiss pursuant to FRCP 12(b)(6) for failure to state a claim.

In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations removed).

After examining Plaintiff's Complaint, the Court is satisfied that the allegations therein state a plausible claim for relief against Events. See id. Events' Motion to Dismiss is therefore denied.

|  | Courtroom Deputy Initials: |  |
|---|---|---|